UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-1-16

JOYSEL LOPEZ, *et al.*,

Plaintiffs,

-v-

OVERTIME 1ST AVENUE CORP., *d/b/a*
PRIME ONE 16,

Defendant.

No. 15-cv-820 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

The Court is in receipt of (1) a letter from Defendant, dated July 1, 2016, informing the Court that Plaintiffs have each accepted an offer of judgment from Defendant pursuant to Federal Rule of Civil Procedure 68 (Doc. No. 67), (2) copies of Defendant's underlying offers of judgment (Doc. Nos. 63–66), and (3) Plaintiffs' notices of acceptance (Doc. Nos. 63–66). However, since Plaintiffs have asserted a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, judicial approval is required before these judgments may be entered against Defendant. *See Dorian Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding that FLSA settlements require approval of either the district court or the U.S. Department of Labor); *Lopez v. Nights of Cabiria, LLC*, No. 14-cv-1274 (LAK), 2015 WL 1455689, at *3 (S.D.N.Y. Mar. 30, 2015) (noting that "subjecting FLSA settlements to judicial scrutiny" is the "traditional practice"). "In deciding whether to approve a stipulated settlement, the [c]ourt must scrutinize the settlement for fairness." *Boucaud v. City of New York*, No. 07-cv-11098 (RJS), 2010 WL 4813784, at *1 (S.D.N.Y. Nov. 16, 2010) (citations and internal quotation marks omitted). While the Second Circuit has not directly ruled on whether this fairness analysis for FLSA settlements extends to Rule 68 offers of judgment accepted by FLSA plaintiffs, the

Court sees no reason to distinguish between settlements effectuated by such accepted offers of judgment and private settlement agreements. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (2016) (holding that "stipulated dismissals settling FLSA claims with prejudice [pursuant to Federal Rule of Civil Procedure 41] require the approval of the district court [before they may] . . . take effect"); *see also Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 85 (S.D.N.Y. 2001) (indicating that a district court must "consider the fairness" of an accepted Rule 68 offer of judgment).

Accordingly, IT IS HEREBY ORDERED THAT, by July 15, 2016, the parties shall submit to the Court a joint letter explaining why Defendant's offers of judgment are fair, applying the criteria set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335–37 (S.D.N.Y. 2012). As Judge Furman noted in *Wolinsky*, "[t]he ultimate question is whether the proposed settlement reflects a fair and 'reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* at 335 (quoting *Mosquera v. Masada Auto Sales, Ltd.*, No. 09-cv-4925 (NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011)). Specifically, as an initial matter, the parties should address whether Defendant's offers of judgment "tender[] less than complete relief"; the Court finds that such information is relevant in determining whether Defendant's offers of judgment are fair and reasonable, since courts in non-FLSA cases are generally required to "enter [the offered] judgment . . . with or without the plaintiff's consent" if "the offer tenders complete relief," pursuant to Rule 68. *Maximo v. 140 Green Laundromat*, No. 14-cv-6948 KPF, 2015 WL 4095248, at *3 (S.D.N.Y. July 7, 2015). In addition, the parties should address the following factors, which the Court will also consider in determining whether the proposed settlement is fair and reasonable: (1) Plaintiffs' "range of possible recovery," (2) "the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses," (3) "the seriousness of the litigation risks

2

faced by the parties," (4) "whether the settlement agreement is the product of arm's-length bargaining between experienced counsel," and (5) "the possibility of fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335 (citations and internal quotation marks omitted).  The parties are further directed to indicate what portion of the total settlement amount shall be paid to Plaintiffs' counsel as attorneys' fees, the reasonableness of which the Court must also assess.  *See id.* at 336.

IT IS FURTHER ORDERED THAT the parties – *including Plaintiffs personally* – shall appear for a fairness hearing on Wednesday, July 20, 2016 at 11:00 a.m. in Courtroom 905 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York.

IT IS FURTHER ORDERED THAT trial and all other conferences and deadlines are adjourned indefinitely.  The Clerk of the Court is respectfully directed to terminate the letter motion pending at docket entry 67.

SO ORDERED.

Dated:          July 1, 2016
                New York, New York

 

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE