UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOYSEL LOPEZ, *et al.*,

                            Plaintiffs,

   -v-

OVERTIME 1ST AVENUE CORP., *d/b/a*
PRIME ONE 16,

                            Defendant.

No. 15-cv-820 (RJS)
OPINION & ORDER

RICHARD J. SULLIVAN, District Judge:

     Now before the Court are the parties' joint motions for: (1) entry of judgment under Rule 68 of the Federal Rules of Civil Procedure in Plaintiffs' favor, or, in the alternative, (2) leave to file an interlocutory appeal to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1292(b). (Doc. Nos. 71, 77, 81.) For the reasons set forth below, the motions are denied.

I. BACKGROUND

     On February 4, 2015, Plaintiff Joysel Lopez ("Lopez") commenced suit, alleging that Defendant failed to pay overtime and minimum wages required under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (Doc. No. 1.) On September 14, 2015, the Court granted the parties' joint request for conditional certification of this case as a FLSA collective action. (Doc. No. 25.) Thereafter, Plaintiffs Giannina Gutierrez, Claudia Molano, and Panasea Avery opted to join this action. (Doc. Nos. 30, 31, 32.) After discovery closed, the Court, in an order dated January 6, 2016, scheduled trial for April 25, 2016. (Doc. No. 38.)

     On March 31, 2016, the parties submitted a letter informing the Court that they had reached a settlement. (Doc. No. 47.) On April 4, 2016, the Court adjourned trial and ordered the

parties to submit a copy of the proposed settlement and to attend a fairness hearing on May 2, 2016, which, at the parties' request, the Court later adjourned to May 23, 2016. (Doc. Nos. 48, 50.) On May 20, 2016, the parties submitted a copy of their proposed settlement (the "Rejected Settlement"), under which Lopez was to receive $13,416.22 – 64.2% of the $20,916.22 distributed to Plaintiffs – and the other three Plaintiffs were to each receive $2,500, which constituted approximately 12% of the distribution. (Doc. No. 53 at 2.) In addition, Plaintiffs' attorneys were to receive $11,550 in fees and $2,533.78 as reimbursement for out-of-pocket costs, which together totaled over 40% of the $35,000 settlement offer. (*Id.*) On May 23, 2016, the Court held a fairness hearing at which it declined to approve the proposed settlement for several reasons, including: (1) "counsel's failure to articulate why [Lopez was] entitled to a settlement award nearly five times greater than the settlement amount proposed for each of his co-Plaintiffs, despite the fact that all four named Plaintiffs appear to be similarly situated," and (2) the failure of three of the four named Plaintiffs to appear personally at the hearing, notwithstanding the fact that their appearance was ordered by the Court. (Doc. No. 58.) The Court also ordered the parties to file an update regarding proposed next steps in this action. (*Id.*; Doc. No. 60.) On June 10, 2016, the parties wrote a letter to the Court indicating that they had been "unable to agree on modifications that they believe will satisfy the Court," though they also indicated that they would "continue to work towards a consensual resolution" of the case. (Doc. No. 61.) In an order dated June 14, 2016, the Court scheduled trial for July 18, 2016. (Doc. No. 62.)

On June 30, 2016, each Plaintiff filed a notice of acceptance of an offer of judgment under Rule 68 of the Federal Rules of Civil Procedure (the "Rule 68 Offers"), pursuant to which Lopez was to receive $22,472.09 and each of the other three Plaintiffs was to receive $4,175.97. (Doc. Nos. 63–66.) As the parties explained at the pre-motion conference held on August 1,

2016, the amounts contained in the Rule 68 Offers include attorney's fees and costs. Thus, the total recovery under the Rule 68 Offers – like the total recovery under the Rejected Settlement – is $35,000, of which Lopez would once again obtain 64.2% of the judgment after attorney's fees and costs. On July 1, 2016, the Court issued an order directing the parties to submit a joint letter explaining why the Rule 68 Offers were not merely settlements that required a fairness hearing. (Doc. No. 68.) In its order, the Court acknowledged that "the Second Circuit has not directly ruled on whether [the] fairness analysis for FLSA settlements," which is required for voluntary dismissals with prejudice under Rule 41(a)(1)(A)(ii), extends to Rule 68 offers of judgment. (Doc. No. 68 at 1 (citing *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).) The Court also observed, however, that it saw "no reason to distinguish between settlements effectuated by such accepted offers of judgment and private settlement agreements." (Doc. No. 68 at 1–2.)

On July 12, 2016, the parties jointly filed a letter requesting a pre-motion conference for their contemplated motions for entry of judgment based on Plaintiffs' acceptance of the Rule 68 Offers, or, in the alternative, for certification to the United States Court of Appeals for the Second Circuit for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (Doc. No. 71.) On August 1, 2016, the Court held a pre-motion conference on the motions. On January 23, 2017, Plaintiffs submitted a letter to the Court with supplementary authority on the issue of whether judicial or United States Department of Labor ("DOL") approval was required for entry of judgment under Rule 68. (Doc. No. 77.) On January 23, 2017, the Court ordered the parties to submit a joint letter of no more than ten (10) pages addressing: (1) the arguments advanced by the DOL in *Sanchez v. Burgers & Cupcakes LLC*, 16-cv-3862 (VEC), Doc. No. 43 (S.D.N.Y. Jan. 13, 2017), and (2) the recent opinion by Judge Forrest in *Rodriguez-Hernandez v. K. Bread*

*& Co.*, 15-cv-6848 (KBF), Doc. No. 56 (S.D.N.Y. Jan. 10, 2017). On February 13, 2017, the parties filed their supplemental submission. (Doc. No. 81.)

II. DISCUSSION

A. Rule 68

It is well settled that "parties cannot settle their FLSA claims through a private stipulated dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)" without either court or DOL approval. *Cheeks*, 796 F.3d at 200. The parties here insist, however, that a FLSA plaintiff is not required to seek court or DOL approval before accepting an offer of judgment under Rule 68. (Doc. Nos. 71, 81.) Indeed, the parties' arguments are consistent with the reasoning of several district court opinions within this Circuit. *See, e.g.*, *Arzeno v. Big B World, Inc.*, 317 F.R.D. 440, 440–41 (S.D.N.Y. 2016); *Baba v. Beverly Hills Cemetery Corp. Inc.*, No. 15-cv-5151 (CM), 2016 WL 2903597, at *1 (S.D.N.Y. May 9, 2016); *Barnhill v. Fred Stark Estate*, No. 15-cv-3360 (BMC), 2015 WL 5680145, at *1 (E.D.N.Y. Sept. 24, 2015). Furthermore, the language of Rule 68 does, on its face, appear to mandate that the Court enter judgment once a Rule 68 offer, notice of acceptance, and proof of service have been filed. Fed. R. Civ. P. 68(a) (providing that "[t]he clerk *must* . . . enter judgment" upon timely filing of "the offer and notice of acceptance, plus proof of service" (emphasis added)); *see also Harris v. City of New York*, No. 03-cv-8767 (RWS), 2004 WL 1555194, at *1 (S.D.N.Y. July 12, 2004) (opining that "the entry of final judgment pursuant to Rule 68 is a ministerial act that does not require the action of the judge").

Even so, as Judge Furman recently concluded in a similar FLSA case, there are "myriad settings in which a court has an independent duty . . . to review the terms of a settlement offer," including class actions and bankruptcy cases, and "Rule 68's operation does not relieve the court of that duty." *Yu v. Hasaki Rest., Inc.*, No. 16-cv-6094 (JMF), 2017 U.S. Dist. LEXIS 54597, at

4

\*6 (S.D.N.Y. Apr. 10, 2017) (quoting *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1250–51 (11th Cir. 2002) (Marcus, J., specially concurring)). Furthermore, given the numerous federal and state laws requiring court approval of settlements, the Court agrees with Judge Furman that "it is unimaginable that Congress and the Supreme Court intended to allow parties to bypass these requirements through the mechanism of a Rule 68 settlement." *Id.* at \*7 (citing 31 U.S.C. § 3730(b) and N.Y. C.P.L.R. §§ 1207–08); *see also Clinton v. City of New York*, 524 U.S. 417, 429 (1998) (instructing courts to avoid statutory constructions that "produce an absurd and unjust result which Congress could not have intended" (citation omitted)). Accordingly, "once one concedes that there are exceptions" to the ordinary rule that Rule 68 settlements are non-reviewable, "the question is no longer whether a court can scrutinize a Rule 68 settlement," but rather "whether FLSA claims fall within the narrow class of claims that cannot be settled under Rule 68 without approval by the court (or the DOL)." *Yu*, 2017 U.S. Dist. LEXIS 54597, at \*10.

Like Judge Furman, the Court finds that FLSA claims are part of that "narrow class of claims," and thereby "joins the growing number (albeit still minority) of judges in this Circuit to conclude that Rule 68 does not override the need" for court or DOL approval of settlements of claims under the FLSA. *Id.* at \*10, \*16. First, "a Rule 68 compromise – just like any other settlement – is a contractual agreement," and under longstanding Supreme Court and Second Circuit precedent, "FLSA plaintiffs lack capacity to enter into a binding agreement with the defendant that is not conditioned on court or [DOL] approval." *Id.* at \*14–15 (quoting *Sanchez v. Burgers & Cupcakes LLC*, 16-cv-3862 (VEC), 2017 U.S. Dist. LEXIS 38292, at \*5–6 (S.D.N.Y. Mar. 16, 2017) and citing *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) and *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)). Therefore, "'[t]he Clerk of Court's mandatory obligation to enter judgment pursuant to Rule 68(a) presupposes a

valid offer and acceptance' – and an FLSA claimant's valid acceptance, in turn, presupposes judicial (or DOL) approval of the parties' agreement." *Yu*, 2017 U.S. Dist. LEXIS 54597, at *15 (quoting *Sanchez*, 2017 U.S. Dist. LEXIS 38292, at *6).

Second, "holding that Rule 68 settlements do not require judicial approval would result in the very evil that the *Cheeks* Court sought to prevent: [i]t would 'permit defendants to circumvent the FLSA's deterrent effect and eviscerate FLSA protections.'" *Id.* at *11–12 (quoting *Cheeks*, 796 F.3d at 205). In fact, as Judge Broderick astutely observed, "there is likely even greater potential for abuse when it comes to settlements made within the Rule 68 framework." *Toar v. Sushi Nomado of Manhattan, Inc.*, 13-cv-1901 (VSB), 2017 U.S. Dist. LEXIS 55162, at *14 (S.D.N.Y. Mar. 16, 2017). This is because plaintiffs "face severe consequences if they refuse a Rule 68 offer," thereby giving the employer "even more leverage to strike abusive deals." *Id.*; *see also Utility Automation 2000*, 298 F.3d at 1244 ("[A] Rule 68 offeree is at the mercy of the offeror's choice of language and willingness to conform it to the understanding of both parties."); *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998) ("The Rule is . . . designed to put significant pressure on the plaintiff to think hard about the likely value of its claim as compared to the defendant's offer."). Accordingly, the Court concludes that it must rule on the fairness of the Rule 68 Offers before closing this case.

## B. Interlocutory Appeal

The Court next turns to the parties' joint request to certify this Order for interlocutory appeal. A district court may certify an immediate appeal of an interlocutory order if the court finds that (1) the order "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Hengjin Sun v. China 1221, Inc.*, No. 12-cv-7135 (RJS), 2015 WL 5544257, at *2–3 (S.D.N.Y.

Sept. 17, 2015). As the Second Circuit has instructed, certification of interlocutory appeal under Section 1292(b) is "entirely a matter of discretion for the District Court," *In re City of New York*, 607 F.3d 923, 933 (2d Cir. 2010), and, as a general matter, "[i]nterlocutory appeals are strongly disfavored in federal practice," *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010). Therefore, "even where the three legislative criteria of section 1292(b) appear to be met, district courts have 'unfettered discretion to deny certification' if other factors counsel against it." *Transp. Workers Union of Am. v. N.Y. City Transit Auth.*, 358 F. Supp. 2d 347, 351 (S.D.N.Y. 2005) (quoting *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 162 (E.D.N.Y. 1999)). "Such unfettered discretion can be for 'any reason, including docket congestion' and 'the system-wide costs and benefits of allowing the appeal.'" *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014) (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990)).

This straightforward wage-and-hour case has dragged on for over two years, during which time trial has been adjourned twice. The Court is concerned that an interlocutory appeal will only further delay an eventual recovery by Plaintiffs. And the Court is especially concerned that, over time, Defendant may lose the ability to pay a judgment, given the risks inherent in the restaurant business. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 734–35 (7th Cir. 1998) (observing that "the restaurant business is highly risky . . ."); *cf. Sun v. China 1221, Inc.*, No. 12-cv-7135 (RJS), Doc. No. 275 (S.D.N.Y. Jan. 30, 2017) (notice of restaurant's bankruptcy filing only weeks after FLSA plaintiffs obtained judgment). Thus, even assuming the three statutory factors under Section 1292 are met, the Court finds that interlocutory appeal of this Order would undermine the FLSA's "remedial and humanitarian goals." *Cheeks*, 796 F.3d at 206.

Accordingly, the Court exercises its "unfettered discretion" to deny certification of interlocutory appeal. *Transp. Workers Union*, 358 F. Supp. 2d at 351.[1]

### III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that the parties' motions for entry of judgment under Rule 68, or in the alternative, for leave to file an interlocutory appeal, are DENIED. IT IS FURTHER ORDERED that, no later than May 9, 2017, the parties shall file with the Court a joint letter (1) explaining why the Rule 68 Offers are fair, applying the criteria outlined in the Court's order, dated July 1, 2016 (Doc. No. 28), and *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335–37 (S.D.N.Y. 2012), or (2) requesting that the Court schedule a trial in this matter.

SO ORDERED.

Dated: May 2, 2017
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

DATE FILED: 5/2/17

---

[1] On the other hand, the Court's concerns on this point might be assuaged if Defendant were to consent to depositing the $35,000 from the combined Rule 68 Offers into an escrow account during the pendency of an interlocutory appeal. Therefore, the parties are welcome to renew their request for interlocutory appeal with these or similar conditions included to provide some degree of security for Plaintiffs.

8